IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES THOMAS, | ) | No. C 09-0733 JSW (PR) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE** |
| vs. | ) | |
| ROBERT K. WONG, Acting Warden, | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## STATEMENT OF FACTS

According to the petition and the exhibits in support thereof, Petitioner was the subject of a disciplinary hearing at which the loss of 30 days of good time credits was assessed. Petitioner challenges the guilty finding on the ground that he was denied due process and equal protection at his disciplinary hearing.

Petitioner sought state habeas relief, which was denied by Marin County Superior Court, the California Court of Appeal, and the California Supreme Court.

In the instant petition, Petitioner alleges that his federal constitutional right to due

process and equal protection were violated by the guilty finding which resulted in the loss of good time credits and were based solely on the hearing officer's "feelings alone." Petitioner also challenges the decisions of the state courts for failing to provide him with relief.

**ANALYSIS**

I    <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. A pro se petition for a writ of habeas corpus must be liberally construed. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

II    <u>Legal Claims</u>

When a prisoner challenges actions which affect the legality or duration of his custody and a determination of the action may result in entitlement to an earlier release, habeas corpus is the proper remedy. *Young v. Kenny,* 907 F.2d 874, 876-78 (9th Cir. 1990). Any deprivation of earned prison time credits therefore must be remedied by way of a petition for a writ of habeas corpus. *Id.*

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). While prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause does mandate certain minimum procedural protections where serious rules

violations are alleged and the sanctions are severe. *Id.* at 556-57, 571-72 n.19. Under *Wolff,* a prisoner is entitled to the following: (1) written notice of the charges; (2) no less than twenty-four hours to prepare for his appearance before the disciplinary committee; (3) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; (4) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (5) the aid of a fellow inmate or substitute aid from the staff where an illiterate prisoner is involved or the issues are complex. *Id.* at 564-570. In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary board are supported by some evidence in the record. As such, Petitioner's claim of a constitutional violation his disciplinary hearing is sufficient to state a claim. Because it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent shall show cause why the petition should not be granted.

However, Petitioner raises claims against the state courts. These claims do not constitute a claim for federal habeas relief. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

### CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all
2  portions of the state trial record that have been transcribed previously and that are relevant
3  to a determination of the issues presented by the petition.  If Petitioner wishes to respond
4  to the answer, he shall do so by filing a traverse with the Court and serving it on
5  Respondent within **thirty (30)** days of his receipt of the answer.

6      3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
8  Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court
9  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
10 days of receipt of the motion, and Respondent shall file with the Court and serve on
11 Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

12     4.  It is Petitioner's responsibility to prosecute this case.  He must keep the Court
13 informed of any change of address by filing a separate paper with the clerk headed
14 "Notice of Change of Address."  He must comply with any orders of the Court within the
15 time allowed, or ask for an extension of that time.  Failure to do so may result in the
16 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
17 Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule
18 41(b) applicable in habeas cases).

19     IT IS SO ORDERED.

20 DATED:  06/04/09

21 _____
22 JEFFREY S. WHITE
    United States District Judge

4