1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


JAMES THOMAS,                               )          No. C 09-0733 JSW (PR)
                                            )
            Petitioner,                     )          **ORDER OF DISMISSAL**
                                            )
      vs.                                   )
                                            )          **(Docket No. 3)**
ROBERT K. WONG, Acting Warden,              )
                                            )
            Respondent.                     )
                                            )


## INTRODUCTION

Petitioner, a prisoner of the State of California currently incarcerated at San Quentin State Prison in San Quentin, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a finding of guilt in a disciplinary hearing, for which he was subjected to a thirty day loss of good time credit.  Respondent now moves to dismiss the petition for lack of habeas jurisdiction, arguing that the claims must be pursued, if at all, in a civil rights action.  Petitioner opposes the motion and Respondent has filed a reply.  For the reasons discussed below, the court will dismiss the action.

## FACTUAL BACKGROUND

According to uncontested facts in the motion to dismiss, the petition and the exhibits in support thereof, Petitioner is serving a sentence of fifteen years-to-life plus one year for 1983 convictions from Los Angeles County Superior Court for Second Degree Murder and use of a firearm.  Petitioner has long passed his "minimum eligible parole date" (hereinafter "MEPD").

Petitioner was the subject of a disciplinary hearing after a cell search on February 8, 2008, where a random cell search of his cell uncovered cigarette tobacco and a lighter. After the hearing, at which Petitioner's cellmate apparently took responsibility for the seized contraband but the officer conducting the search testified that Petitioner attempted to distract him during the search, Petitioner was found guilty of the charges and suffered the loss of 30 days of good time credits.  As a result of the loss of good time credit, Petitioner's MEPD was recalculated from October 31, 1992 to December 4, 1992, another date long in the past.  Petitioner challenges the guilty finding on the ground that he was denied due process and equal protection at his disciplinary hearing.

Petitioner sought state habeas relief, which was denied by Marin County Superior Court, the California Court of Appeal, and the California Supreme Court.  The instant petition was filed on February 18, 2009.

## DISCUSSION

Respondent moves to dismiss, arguing that habeas jurisdiction is lacking because Petitioner's claim here does not challenge the fact or duration of his confinement. Respondent asserts that the claims must be pursued in a civil rights complaint under 42 U.S.C. § 1983 rather than in a habeas petition.  Petitioner opposes the motion, arguing that the disciplinary sanction of thirty days credit loss did, in fact, affect the fact or duration of his confinement.  Petitioner does not elaborate on how the sanction that changed his MEPD on a life sentence to a different date in 1992 would affect the fact or duration of his confinement.

A.    Legal Principles

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province

2

of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  *Id.*

Traditionally, challenges to prison conditions have been cognizable only via a § 1983 civil rights action, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.  *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive, however.  *Id.* at 1031; *see also id.* at 1027 n.2.  The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition.  *See id.*

Where an inmate challenges the constitutional validity of the state procedures used to deny parole eligibility or parole suitability, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under § 1983.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In *Wilkinson*, the Court held that prisoners' parole claims seeking a new parole hearing need not be brought in habeas corpus because the relief sought would not necessarily "invalidate the duration of their confinement–either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."  *Id.* at 79 (finding that the exception to § 1983 coverage for claims at the core of habeas corpus relief in *Preiser* does not include procedural challenges where relief under § 1983 was left available by the Court's subsequent holding in *Wolff v. McDonald*, 418 U.S. 539, 554 (1974)).  *See also Neal v.*

3

*Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (if prisoner wins and is entitled to parole eligibility hearing, this does not guarantee parole or necessarily shorten his prison sentence).

However, a parole or time credit claim that does affect the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate" eligibility for parole, even though success in such cases would not

4

necessarily implicate the fact or duration of confinement. *Docken*, 393 F.3d at 1028 (citing *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989), and *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003), *cert. denied*, 541 U.S. 1063 (2004)). The actual holding in *Docken* is narrow and establishes that "when prison inmates seek only equitable relief in *challenging aspects of their parole review* that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Docken*, 393 F.3d at 1031 (emphasis added).

In *Ramirez v. Galaza*, 334 F.3d at 859, the Ninth Circuit held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." In *Ramirez,* the district court had dismissed a prisoner's § 1983 complaint challenging disciplinary decisions as barred by *Heck* because the prisoner had not yet had the disciplinary sentence invalidated. *Ramirez*, 334 F.3d at 853. The appellate court reversed, concluding that the plaintiff could challenge the decision under § 1983 because the *Heck* "rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." *Id.* at 858.

The case that most suggests a claim such as Petitioner's can be brought in habeas is *Docken*, but even that case is distinguishable because its holding was limited to cases in which "inmates seek only equitable relief in challenging aspects of their parole review." *Docken*, 393 F.3d at 1031. Petitioner does not challenge some aspect of his parole review, but instead his challenge is more like that of the plaintiff in *Ramirez*, in that he is challenging a disciplinary decision that will not necessarily shorten the sentence and therefore should be pursued in a § 1983 action because habeas jurisdiction is absent.

B.   Analysis

The question here is whether Petitioner's claim inevitably affects the fact or

length of Petitioner's confinement. Upon being found guilty on the CDC-115, Petitioner was assessed 30 days of good time credits. If Petitioner was in prison on a term of years, such a penalty would inevitably affect the duration of his confinement by making it 30 days longer than it otherwise would be. However, Petitioner is serving an indeterminate life sentence and is 27 years into his 16 years-to-life sentence. Neither Respondent nor Petitioner has identified any way in which those 30 days of credits matter at this point in his sentence. They cannot extend his maximum term of life in prison, nor can they extend his minimum term, as that was 16 years and is now long in the past. In fact, the only change alleged with regard to Petitioner's term of confinement here is that his MEPD was recalculated to a different day in 1992.

As such, this Court finds that the time credit forfeiture imposed on Petitioner as a result of his disciplinary proceeding did not inevitably affect the duration of his sentence. The decision led to the forfeiture of time credits, but that forfeiture will not inevitably affect the duration of confinement for this indeterminate-sentenced inmate who is long past his minimum parole date. The Court concludes that habeas jurisdiction is absent here and this action must be dismissed.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Additionally, there is doubt whether Petitioner is willing to pay the civil action filing fee of $350.00 rather than the $5.00 habeas filing fee to pursue his claims. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms

1   because virtually every such case, including this one, will be defective at the outset and

2   require additional court resources to deal with the problems created by the different filing

3   fees and the absence of information on the habeas form.

4                                   **CONCLUSION**

5          For the foregoing reasons, respondent's motion to dismiss is GRANTED (docket

6   no. 3).  This action is DISMISSED for failure to state a claim upon which relief may be

7   granted without prejudice to Petitioner's bringing his claim under 42 U.S.C. § 1983.  The

8   Clerk shall close the file and enter judgment in accordance with this order.

9          IT IS SO ORDERED.

10  DATED:  March 26, 2010

11                                _____
                                  JEFFREY S. WHITE
12                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES THOMAS,

          Plaintiff,

  v.

ROBERT K. WONG et al,

          Defendant.

_____/

Case Number: CV09-00733 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Thomas
C70569
CSP-San Quentin
San Quentin, CA 94974

Dated: March 26, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk